UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PRIME PROPERTY & CASUALTY INSURANCE, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:21-cv-00268-LEW |
| B&V TRUCKING CORP., GEORGE SUKKARIEH, STELLA LOGISTICS, INC., ANNIE TRANSPORT LLC, RON MAZON, and RICHARD EVERETT, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **DEFAULT JUDGMENT**

Plaintiff Prime Property & Casualty Insurance, Inc., requests default judgment on claims seeking declaratory relief against Defendants B&V Trucking Corp., George Sukkarieh, Stella Logistics, Inc., Annie Transport LLC, and Ron Mazon.[1] According to the uncontested allegations of the complaint, the Court's jurisdiction is properly founded on diversity of citizenship, 28 U.S.C. § 1332. For reasons that follow, the Motion for Default Judgment (ECF No. 24) is granted.

### BACKGROUND

This case arises from a December 18, 2019 motor vehicle accident in Farmington, Maine, and involves the question of how that accident relates to Plaintiff's Commercial

---

[1] Defendant Richard Everett is not in default.

Auto Insurance Policy No. PC19010642, which Plaintiff issued to Defendant B&V Trucking Corp., the named insured under the Policy.

On the date in question, Defendant Ron Mazon was the driver of a commercial vehicle ("the vehicle") covered under the Policy. Although the vehicle was covered, the Policy contains a scheduled drivers endorsement requiring the insured to schedule its drivers with Plaintiff before coverage will extend to the drivers. Mr. Mazon was not among the drivers scheduled by B&V under the Policy.

Defendant George Sukkarieh is a shareholder and officer of B&V. Defendant B&V was non-responsive to Plaintiff's inquiries and requests for information related to the collision. Mr. Sukkarieh signed certain policy-related documents, including a personal guarantee, that are material to one or more of Plaintiff's claims.

Defendant Annie Transport LLC, owned the vehicle. However, Annie Transport was not operating the vehicle or named an additional insured on the date of the collision.

Defendant Stella Logistics, Inc., was the interstate carrier for the covered vehicle. Stella was not identified or included in the Policy as an insured on the date of the collision.

Defendant Everett was driving the other motor vehicle involved in the collision. Plaintiff does not seek any relief against Mr. Everett in its complaint. Plaintiff named Mr. Everett as a defendant because he is a necessary party insofar as his rights may be affected by the judgment sought by Plaintiff against the other defendants.

Stella Logistics and Annie Transport may have other insurance coverage that applies to the collision.

The Complaint contains three counts. Count One seeks a judgment declaring that the Policy does not afford coverage to B&V Trucking, Stella Logistics, Annie Transport, or Mr. Mazon for claims arising from the Collision. Count Two seeks a judgment declaring that Plaintiff owes no duty under the Policy's MCS-90 Endorsement to pay any judgment recovered by any claimant resulting from the collision. Count Three seeks a judgment declaring that Mr. Sukkarieh and B&V Trucking are obligated under the Policy's MCS-90 Endorsement, the Loss Adjustment Agreement, and the Personal Guarantee and Indemnity Agreement to indemnify and hold Prime harmless from costs, attorney fees, expenses, settlement proceeds, or other funds expended or deemed owing by reason of the collision.

The complaint sets forth the material portions of the Policy, the MCS-90 Endorsement, the Loss Adjustment Agreement, and the Personal Guarantee and Indemnity Agreement in sufficient detail to support Plaintiff's motion for entry of default judgment on the facts alleged and conceded by default, related further, in summary fashion, in the following discussion. These allegations are further substantiated through the Declaration of Suzanne Q. Chamberlin, Esq., and the policy exhibit attached thereto.

## DISCUSSION

### A. Legal Standard

The entry of judgment by default proceeds in well-defined stages. Initially, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the party seeking judgment will request entry of default against the non-responsive party, which default the Clerk must enter provided the failure to plead or defend "is shown by affidavit," most customarily, an affidavit of service coupled with an affidavit

of counsel attesting to the existence of grounds for entry of default. Fed. R. Civ. P. 55(a). Following the Clerk's entry of default, the defaulted party may file a motion seeking to set aside the default. Fed. R. Civ. P. 55(c). Barring such a motion—and excepting cases presenting a claim for a sum certain, for which the Clerk may enter judgment of default without the Court's involvement—the party seeking entry of judgment by default proceeds by application to the Court (customarily styled as a motion for default judgment). Fed. R. Civ. P. 55(b)(2).

To dispose of an application for default judgment, the Court may or may not conduct a hearing; generally, it will do so when the circumstances suggest a need to establish the truth of the material allegations or to investigate any matter of concern to the Court, such as is often the case when attempting to achieve a reasonable measure of general damages. *Id.* However, because a party in default effectively admits the truth of the moving party's allegations, the well-pleaded factual allegations of the complaint (or other operative pleading) may suffice to establish the liability of the defaulted party. Indeed, "it is precisely the right to contest liability that a party gives up when it declines to participate in the judicial process." *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002); *see also Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002).[2] In turn, the

---

[2] Nonetheless, the court will inquire into the legal sufficiency of the factual allegations in relation to the claim(s) asserted. *Ramos-Falcon v. Autoridad de Energia Electrica*, 301 F.3d 1, 3 (1st Cir. 2002) (per curiam); 10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013) (defaulted party not deemed to have "admit[ted] the legal sufficiency of [the] claims"). As for peering behind the pleadings, in this circuit it is only appropriate to conduct a hearing to establish the truth of the allegations if the court provides the party moving for default with advance notice that indicates "the direction of the proceedings" so the movant might be prepared to "marshall such evidence as might be available to him." *Ramos-Falcon v. Autoridad de Energia Electrica*, 301 F.3d 1, 3 (1st Cir. 2002) (cleaned up). *See also* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure

establishment of liability may be enough to support the grant of declaratory relief in the absence of a hearing, given that such relief is unlikely to turn on any evidentiary findings beyond the liability determination. *Cf. In re The Home Restaurants*, 285 F.3d at 114 ("Where a court has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object, the court has the discretion to order a default judgment without a hearing of any kind." (cleaned up)).

So it is here.

**B.   Liability**

Plaintiff instituted this declaratory judgment action by complaint filed September 15, 2021. Plaintiff has since served all defendants. Only Defendant Everett filed an answer to the complaint. Plaintiff filed a motion for entry of default as to each defendant but Everett. The Clerk entered the defendants' defaults as requested. (ECF Nos. 14 (B&V Trucking and Stella Logistics); 16 (George Sukkarieh and Ron Maxon); 22 (Annie Transport).)

Plaintiff filed its Motion for Default Judgment with Incorporated Memorandum of Law on July 6, 2022 (ECF No. 24). None of the party defendants in default has responded to the motion or otherwise appeared to defend in this matter.

---

Civ. § 2663 (4th ed.) ("The theory of this provision is that the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action.").

### 1. Count One

Plaintiff is entitled to default judgment as to Count One because, given the uncontested factual allegations and policy provisions, the Policy does not afford coverage to B&V Trucking, Mr. Mazon, Stella Logistics, or Annie Transport for any claims arising from the subject collision. More specifically, B&V Trucking did not schedule the driver of the vehicle, did not own the vehicle, did not operate the vehicle, and breached obligations to cooperate with Plaintiff's investigation of the collision; Mr. Mazon was not a scheduled driver under the Policy and was not operating the vehicle for B&V Trucking; Stella Logistics is not listed as an insured on the Policy and does not otherwise qualify as such; and Annie Transport was not operating the vehicle and is not entitled to coverage as an additional insured.

### 2. Count Two

Plaintiff is entitled to default judgment as to Count Two because Plaintiff owes no duty under the MCS-90 Endorsement to pay any judgment recovered by any claimant against the insured, as neither B&V Trucking nor Annie Transport was operating the subject vehicle at the time of the collision, such that neither can be held liable for negligent operation, maintenance or use of the same.

### 3. Count Three

Prime is entitled to default judgment as to Count Three because B&V Trucking and George Sukkarieh are obligated to indemnify Prime for any fees, expense or funds expended. The Loss Adjustment Agreement states in relevant part that "[B&V Trucking Corp.] agrees to indemnify, defend and hold [Prime] harmless with respect to any and all

accidents, losses or claims of whatever kind, occurring or arising during the term of the Policy, to the extent of any payment made by [Prime] on account of a Non-Covered Claim." The Loss Adjustment Agreement also states that "to the fullest extent provided by law, all claims as to non-scheduled drivers or autos will qualify as Non-Covered Claims for purposes of this agreement." The section of the Loss Adjustment Agreement titled, "Personal guarantee and authority to sign for the Insured," states in relevant part:

> In addition, the undersigned, in his or her individual capacity, personally undertakes the financial obligations set forth in this Agreement in the event the Insured refuses or fails to indemnify and hold [Prime] harmless as set forth above. The undersigned agrees and acknowledges that his or her personal guarantee shall continue even if the Insured is sold, transferred or dissolved or if the Insured shall become bankrupt or insolvent.

The Loss Adjustment Agreement was signed by George Sukkarieh, President of B&V Trucking Corp., on January 10, 2019. Mr. Sukkarieh signed the Loss Adjustment Agreement as an authorized representative of B&V Trucking Corp. Additionally, Mr. Sukkarieh signed a Personal Guarantee and Indemnity Agreement to like effect.

## CONCLUSION

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff's Motion for Default Judgment (ECF No. 24) is GRANTED.

Accordingly, it is hereby ORDERED that Prime Property & Casualty Insurance, Inc., owed and owes no duty to defend or indemnify B&V Trucking Corp., George Sukkarieh, Stella Logistics, Inc., Annie Transport LLC, or Ron Mazon under Commercial Auto Insurance Policy No. PC19010642 ("Prime Policy") for any claims, causes of action and damages from claims which have been or may be asserted in connection with the

collision that occurred on December 18, 2019, in or near Farmington, Maine, referenced in Prime's Complaint ("the Collision").

It is further ORDERED that Prime is entitled to judgment against George Sukkarieh and B&V Trucking Corp. for full and complete indemnification from costs, attorneys fees, expense, settlement proceeds or other funds expended or deemed owing by reason of the collision.

Nothing in this Order prejudices Prime's rights to seek damages, interest, attorney fees and costs of suit as against B&V Trucking Corp., George Sukkarieh, Stella Logistics, Inc., Annie Transport LLC, and/or Ron Mazon.

**SO ORDERED.**

Dated this 12th day of September, 2022.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE